Mokpht, J.
delivered the opinion of the court.
This suit is brought on a promissory note drawn by 'William Stackhouse & Oo., to the order of and indorsed by Greenbury Dorsey. The petition alleges that the said firm consists of defendant, S. Stackhouse and Greenbury Dorsey. The defence set up is that this note was given to the payee without consideration, and entirely for his use and benefit, in order to enable said Dorsey, whose credit was bad, to raise money upon it; that it was [121] agreed if he used the note, he would pay its amount when due, and that plaintiff took the note with a full knowledge of all these circumstances. There was a judgment below in favor of defendant, which was after-wards changed into one of nonsuit on a motion for a new trial. Plaintiff appealed.
It is admitted that long after the note sued on became due, it was pledged to the plaintiff to secure Mm against Ms indorsement on a bill of exchange drawn by Dorsey on one George Young of Oincinnati. It is well settled that the indorsee or pledgee of a note takes it after maturity subject to all the equities to which it would have been liable between the original parties to it. The evidence shows that after the note was made, Stackhouse & Oo. gave a mortgage on several slaves to secure its payment. The bookkeeper of Dorsey testifies that he understood from the latter that he had obtained this note to raise money with it, and that although it was usual for Dorsey to make an entry on his books of all notes received by him, no mention whatever was made of this particular note. Prom the evidence we incline to think with the judge below that it was an accommodation note given to Dorsey to facilitate Mm in Ms business, and that the mortgage was given only to aid its negotiation. The defendant has at all events made a sufficient showing to throw upon the plaintiff the burden of proving a consideration, if any had existed. This was not even attempted to be done. If Stackhouse & Oo. merely lent their name to Dorsey as drawers of this note which was made payable six months after date, it is clear that having failed to raise money on it before its maturity, his authority to dispose of it had ceased, and it should have been returned to them. Besides, if it be true, as is alleged by the plaintiff himself, that Dorsey, the payee of this note was a member of the firm of Stackhouse & Oo., this debt, admitting it to be real, must go into the settlement of the partnership accounts, and this defence which would have been good against Dorsey, must prevail again plaintiff, who is in no better situation than [122] he; having acquired this note after its maturity.
The judgment of the commercial court is therefore affirmed, with costs.